IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TINA LEISCHNER AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF RUTH SUTHERLIN, DECEDENT

      Plaintiff

vs.                                                                     No.

UNITED STATES OF AMERICA,
VRAD, A CORPORATION LICENSED
TO DO BUSINESS IN THE STATE OF
MINNESOTA, AND KAREN
ADERHOLDT, M.D.

      Defendants.

**COMPLAINT FOR WRONGFUL DEATH UNDER THE
<u>FEDERAL TORT CLAIMS ACT</u>**

      COMES NOW the Plaintiff, Tina Leischner, as the Personal Representative of the Estate of Ruth Sutherlin, Decedent, by and through her attorneys of record, Duhigg, Cronin, Spring & Berlin, P.A., and hereby complains of the Defendant, United States of America, as follows:

**INTRODUCTION**

      1.     The jurisdiction of this Court in this action is pursuant to 28 U.S. Code § 2671 et seq., in that this is a tort action against the United States of America. Pursuant to 42 U.S. Code § 1332, this Court has jurisdiction over the other Defendants in that complete diversity exists between the Plaintiff and Defendants vRad and Karen Alderholdt, M.D., and the amount in controversy exceeds $75,000.00.

      2.     At all times hereinafter mentioned, Plaintiff Tina Leischner is the duly appointed Personal Representative of the Estate of Ruth Sutherlin, Decedent, who died on February 18, 2015.

3.      At all times hereinafter mentioned, the Department of Veterans Affairs is an agency of the Defendant United States of America and operates a Veterans Administration Hospital in Albuquerque, New Mexico.

4.      At all times hereinafter mentioned, the Department of Veterans Affairs employed various medical staff, physicians, physician's assistants, nurse practitioners, nurses and technicians who would treat patients of the Veterans Administration Hospital in Albuquerque, New Mexico. One such patient was Decedent Ruth Sutherlin.

5.      At all times hereinafter relevant, the Department of Veterans Affairs employed medical staff who are non-specialists and who worked at the Veterans Administration Hospital in Albuquerque, New Mexico. These non-specialists medical practitioners owed a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified physicians, physicians assistants, nurse practitioners, nurses and technicians practicing under similar circumstances, giving due consideration to the locality involved.

6.      At all times hereinafter mentioned, the Department of Veterans Affairs employed medical specialists who worked at the Veterans Administration Hospital in Albuquerque, New Mexico, including family practitioners, internal medicine physicians, radiologists, neurologists, rheumatologists and other specialists, who, having undertaken to diagnose, treat and care for Decedent Ruth Sutherlin, were under a duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well qualified specialists practicing under similar circumstances, giving due consideration for the locality involved.

7.      At all times hereinafter times relevant, Decedent Ruth Sutherlin was a patient of the Veterans Administration Hospital in Albuquerque, New Mexico, which was run by the Department of Veterans Affairs.

8.      On or about September 18, 2014, Decedent Ruth Sutherlin underwent a CT scan at Sierra Vista Medical Center which showed a nodule on the left lung. A record in her medical chart maintained by the Veterans Administration Hospital in Albuquerque, New Mexico, dated September 19, 2014, referred to this nodule.

9. On September 29, 2014, Decedent Ruth Sutherlin underwent a CT scan which was read by Defendant Karen Aderholdt, M.D. (Aderholdt) who, upon information and belief, was employed by, was an agent of, or contracted with Defendant vRad. Defendant Aderholdt interpreted the CT scan as being negative, when in fact, it showed that the Decedent was suffering from cancer.

10. On October 29, 2014, a Veterans Administration Hospital rheumatology note referred to a nodule on Decedent's left lung.

11. On October 30, 2014, a pharmacology note described pain in Decedent Sutherlin's left lower rib cage and referred to a risk of malignancy.

12. The aforementioned records, September 18, 2014, September 19, 2014, October 29, 2014, and October 30, 2014, were a part of Decedent Ruth Sutherlin's medical chart maintained by the Veterans Administration Hospital in Albuquerque, New Mexico.

13. Despite these and other records, Decedent Ruth Sutherlin was not told she may have lung cancer.

14. Despite these and other records, Decedent Ruth Sutherlin was not provided with follow up studies by her physicians at the Veterans Administration Hospital in Albuquerque, New Mexico.

15. Despite the aforementioned records, Decedent Ruth Sutherlin was not diagnosed with lung cancer or treated for that disease until February of 2015.

16. Ruth Sutherlin died of lung cancer on February 18, 2015.

17. Had Ruth Sutherlin been properly treated in October of 2014, she would likely have survived her illness for a period exceeding five years.

18. At the very least, had Decedent Ruth Sutherlin been properly diagnosed and treated in a timely fashion, she would have had a better outcome and a better quality of life.

19. On or about April 14, 2015, representatives of the Veterans Administration Hospital reported an adverse event, admitting that the CT scan performed on September 29, 2014, was misinterpreted as being negative when in fact, it should have been

interpreted as showing possible lung cancer. As a result, Defendant has admitted that Decedent Ruth Sutherlin was denied an accurate diagnosis in a timely fashion that would have led to earlier treatment of the lung cancer.

20. Upon information and belief, Defendant vRad was contracted by the Veterans Administration Hospital or the Department of Veterans Affairs to review radiographic studies including CT scans, taken or performed at the Veterans Administration Hospital in Albuquerque, New Mexico. Patients at the Veterans Administration Hospital in Albuquerque, New Mexico, were not aware of this.

21. Upon information and belief, Karen Aderholdt, M.D., was employed by or the agent of Defendant vRad and was, in that capacity, to review x-rays and CT scans conducted at the Veterans Administration Hospital in Albuquerque, New Mexico. Patients at the Veterans Administration Hospital in Albuquerque, New Mexico, were not aware of this.

22. Plaintiff filed a timely Form 95 Notice with the Department of Veterans Affairs. Plaintiff's Notice was rejected on January 19, 2016, and, therefore, this Complaint is filed in a timely fashion.

23. This action is being filed pursuant to Federal Tort Claims Act, 28 U.S. Code § 2671, et seq. Plaintiff seeks a determination as to the liability of Defendant United States of America pursuant to 28 U.S. Code § 2674.

24. Diversity exists between Plaintiff and Defendants vRad and Aderholdt pursuant to 42 U.S. Code § 1332, as both Defendants are citizens of States other than that in which Plaintiff resides, and the amount of controversy exceeds $75,000.00.

25. This Court has jurisdiction over the subject matter and parties to this action.

### FIRST CAUSE OF ACTION
### (MEDICAL NEGLIGENCE)

26. Plaintiff repeats and realleges each and every allegation set forth above, as if provided herein, in full.

27. Defendant United States of America operated the Veterans Administration Hospital in Albuquerque, New Mexico, through its agency, the Department of Veterans Affairs.

28. The Veterans Administration Hospital's medical personnel knew or should have known that Ruth Sutherlin, Decedent, was suffering from lung cancer, at least as of September 18, 2014, since the CT scan of that date taken at Sierra Vista Medical Center was part of Decedent's medical records. Additional notice was had on September 19, 2014, October 29, 2014, and October 30, 2014. Upon information and belief, other records in 2014 also provided notice that Decedent was suffering from lung cancer.

29. In addition to the aforementioned records, on September 29, 2014, Decedent Ruth Sutherlin underwent a CT scan which was interpreted as being negative by Defendant Karen Aderholdt, M.D., an employee, agent or representative of Defendant vRad.

30. Despite notice that Decedent may have lung cancer, Defendant's agents, representatives and medical staff employed by the Department of Veterans Affairs at the Veterans Administration Hospital in Albuquerque, New Mexico, failed to properly diagnose and treat Decedent Ruth Sutherlin.

31. A reasonably competent medical care provider would have reviewed the medical records in Decedent's chart and would have discovered that she may be suffering from cancer. Similar physicians would also have ordered reasonable and necessary medical examinations and tests to determine whether Decedent did have cancer so that early diagnosis and early treatment could be rendered.

32. Members of the medical staff at the Veterans Administration Hospital in Albuquerque, New Mexico, and Decedent's treating physicians employed by the Veterans Administration failed to reasonably review Decedent's medical chart and, therefore, committed a breach of the applicable duties set forth of paragraphs Five and Six above.

33. The breach of the aforementioned duties owed to Decedent constituted a breach of the applicable standard of care and, therefore, constituted medical negligence on the part of Defendant's medical staff, employees, representatives and agents.

34. The Department of Veterans Affairs is vicariously liable for the negligence of its medical staff and, therefore, the Defendant United States of America is liable for such negligence and is a proper Defendant in this action.

35. As a result of the aforementioned negligence, Decedent Ruth Sutherlin died on February 18, 2015, and Plaintiff is entitled to all damages allowable under the New Mexico Wrongful Death Act, such damages to be determined by the Trial Court.

36. As a further result of the aforementioned medical negligence, Decedent Ruth Sutherlin suffered pain, disability, loss of enjoyment of life, and further, was forced to endure a poorer quality of life than she would have, had she been timely diagnosed and treated. These damages are to be determined by the Trial Court.

37. Defendant United States of America is liable to Plaintiff for all such damages caused by the negligence identified in this Cause of Action.

WHEREFORE, Plaintiff demands Judgment against Defendant United States of America for damages, including compensatory damages, costs allowable by law and such other relief as the Court deems appropriate.

### SECOND CAUSE OF ACTION
### (HOSPITAL NEGLIGENCE)

38. Plaintiff repeats and realleges each and every allegation set forth above, as if provided, herein, in full.

39. In diagnosing and treating an individual such as Ruth Sutherlin, Defendant Veterans Administration Hospital in Albuquerque, New Mexico, was under a duty to use ordinary care to avoid or to prevent what a reasonably prudent person would foresee as an unreasonable risk of injury to another.

40. Ordinary care required reasonably competent and trained medical staff at a hospital to have reviewed records placed in a patient's chart in a timely fashion. In the instant matter, such review would have determined that Decedent Ruth Sutherlin was suffering from lung cancer and she would have been afforded the opportunity for an earlier diagnosis and treatment.

41. The Veterans Administration Hospital in Albuquerque, New Mexico was, while Decedent Ruth Sutherlin was in its care, also under a duty to possess and apply the knowledge and to use skill and care ordinarily used in a reasonably well operated hospitals under similar circumstances, giving due consideration to the locality involved.

42. The Veterans Administration Hospital and medical staff in Albuquerque, New Mexico, failed to do the necessary review of Decedent's chart.

43. Such failure to review Decedent's chart in a timely fashion was a failure to possess and apply the knowledge or use the skill and care ordinarily used in a well operated hospital under similar circumstances, giving due consideration to the locality involved.

44. The Veterans Administration Hospital's failures constituted medical negligence.

45. As a result of the aforementioned negligence, Decedent Ruth Sutherlin died on February 18, 2015, and her Estate has suffered all such damages allowable under the New Mexico Wrongful Death Act, such damages to be determined by the Trial Court.

46. As a further result of the Veterans Administration Hospital's failure, Decedent Ruth Sutherlin suffered pain, suffering, loss of enjoyment of life, disability and a poorer quality of life, all to her detriment, such damages to be determined by the Court.

47. Defendant United States of America is liable to Plaintiff for all such damages set forth in this Cause of Action due to the negligence of the Veterans Administration Hospital in Albuquerque, New Mexico.

WHEREFORE, Plaintiff demands Judgment against Defendant United States of America for compensatory damages, costs of suit and such other relief as the Court deems appropriate.

## THIRD CAUSE OF ACTION
## (APPARENT AUTHORITY)

48. Plaintiff repeats or realleges each and every allegation set forth above, as it is provided, herein, in full.

49. The Veterans Administration Hospital staff did not advise Decedent that her x-rays and CT scans would be reviewed by someone other than an employee of the Veterans Administration Hospital.

50. Decedent Ruth Sutherlin reasonably believed that her radiographic studies, including her CT scan of September 29, 2014, would be interpreted by an employee of the Veterans Administration.

51. No one at the Veterans Administration Hospital asked Decedent if her radiographic studies and CT scan could be reviewed by someone other than an employee or physician at that facility.

52. A reasonably competent and prudent radiologist would have interpreted the CT scan of September 29, 2014, as being indicative of lung cancer.

53. The failure to interpret the CT scan as being positive for lung cancer or indicating that lung cancer was a potential, constituted a breach of the standard of care owed by Defendant Aderholdt.

54. As a result of the negligence of Defendant Aderholdt, Decedent Ruth Sutherlin died on February 18, 2015.

55. As a further result of the aforementioned negligence, Plaintiff is entitled to all damages allowable under the New Mexico Wrongful Death Act, such damages to be determined by the Trial Court.

56. As a further result of the aforementioned negligence, Ruth Sutherlin suffered pain, suffering, disability, loss of enjoyment of life and a lower quality of life all such damages to be determined by the Trial Court.

57.     Representatives of the Veterans Administration Hospital in Albuquerque, New Mexico, admitted that the CT scan of September 29, 2014, had been negligently interpreted and that Decedent Ruth Sutherlin was denied an earlier diagnosis and an earlier treatment.

58.     Defendant United States of America is liable for the negligent acts of Defendant Aderholdt under the doctrine of apparent authority.

WHEREFORE, Plaintiff demands Judgment against the Defendant United States of America for damages, including compensatory damages, costs of suit and such other relief as the Court deems appropriate.

### FOURTH CAUSE OF ACTION
### (MEDICAL NEGLIGENCE OF DEFENDANT KAREN ADERHOLDT, M.D. AND VRAD)

59.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs one through fifty eight, as it is provided, herein, in full.

60.     Upon information and belief, Defendant Karen Aderholdt, M.D., was a radiologist employed by Defendant vRad.

61.     In interpreting the CT scan of September 29, 2014, as being negative when, in fact, it revealed that Decedent Ruth Sutherlin was suffering from lung cancer, Defendant Aderholdt, as a radiologist, failed to possess and apply the knowledge and to use the skill and care ordinarily used by well qualified radiologists practicing under similar circumstances, giving due consideration to the locality involved.

62.     Defendant Aderholdt committed a breach of the duty owed to Decedent.

63.     Defendant Aderholdt's breach of the duty owed to the Decedent constituted a failure to meet the standard of care and was, therefore, medical negligence.

64.     As a result of the aforementioned medical negligence, Decedent Ruth Sutherlin died on February 18, 2015.

65.     As a further result of the medical negligence of the Defendant Aderholdt, Decedent Ruth Sutherlin suffered pain, suffering, disability, loss of enjoyment of life and

a loss of quality of life, all to her detriment, such damages to be determined by the Trial Court.

66. Defendant vRad, as the employer or principal of Defendant Karen Aderholdt, M.D. is vicariously liable for her negligent actions.

WHEREFORE, Plaintiff demands Judgment against the Defendant Karen Aderholdt, M.D. and vRad for damages, including compensatory damages, interest from the date of injury, costs of suit and such other relief as the Court deems appropriate.

## FIFTH CAUSE OF ACTION
### (LOSS OF CHANCE)

67. Plaintiff repeats and realleges each and every allegation set forth above as it is provided herein and full.

68. As a result of the negligence of one or more of the named Defendants, Decedent Ruth Sutherlin, lost the chance for a better outcome.

69. As a further result of the negligence of one or more of the above named Defendants, Decedent Ruth Sutherlin died on February 18, 2015, and therefore, Plaintiff is entitled to all such damages allowable under the New Mexico Wrongful Death Act, such damages to be determined by the Trial Court.

70. As a further result of the negligence of one or more of the Defendants, Decedent, Ruther Sutherlin, suffered pain, suffering, anxiety, disability, loss of enjoyment of life and a loss of quality of life, such damages to be determined by the Trial Court.

WHEREFORE, Plaintiff demands Judgment against Defendants under the doctrine of loss of chance, for compensatory damages, interest as allowable by law, costs of suit and such other relief as the Court deems appropriate.

                DUHIGG, CRONIN, SPRING & BERLIN, P.A.

                _____
                DAVID M. BERLIN
                Attorneys for Plaintiff
                P.O. Box 527
                Albuquerque, New Mexico   87103
                (505) 243-3751